Ivan J. Taylor and Jewell M. Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 72487.
United States Tax Court
T.C. Memo 1960-50; 1960 Tax Ct. Memo LEXIS 240; 19 T.C.M. (CCH) 252; T.C.M. (RIA) 60050; March 24, 1960
*240 Ivan J. Taylor, pro se., 280 Chestnut Street, Hellertown, Pa. Paul D. Ritter, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax in the amount of $241.60 for the year 1956. The sole question is whether petitioner Ivan J. Taylor furnished more than one-half the support of his parents during 1956, so as to be entitled to dependency credits for them. The parties have filed a stipulation of some of the facts. The evidence shows that petitioner, an "instruments associate" at Lehigh University, resided in Hellertown, Pennsylvania, during 1956 and, with his wife, filed a joint income tax return for that year with the director of internal revenue at Scranton. At the time of trial petitioner's father and mother were 76 and 71 years of age, respectively. During 1946 his father was a retired chemist and his mother a housewife. The father had retired in 1940, and beginning in 1946 started requiring financial assistance. At that time both petitioner and his younger brothers helped in the support of the parents. In 1950 the support of the parents became petitioner's sole responsibility. Both parents lived on *241 a small farm in Tennessee, which they owned. Their only income during 1956 was $430.40 in social security payments and less than $150 derived from the sale of eggs and Christmas trees. They grew a small amount of vegetables which they consumed. During each month of 1956 petitioner gave checks to his parents for their support. In addition, in December 1956, he paid a $224.40 bill on their behalf to the "A & P Tea Co." for canned goods and supplies, and during the year made various other payments on their behalf for their support. The aggregate amount expended by petitioner on behalf of his parents for their support or given to them by petitioner for their support in 1956 was not less than $1,285.40. The evidence further shows that the parents received no support from anyone else during 1956. Petitioner appeared as a witness, and we were impressed with his credibility. We were fully satisfied on the evidence and hereby find as a fact that petitioner furnished more than one-half of the support of his parents during 1956. Decision will be entered for the petitioners.